JODI M. SMITH *vs.* ROBERT J. JOYCE.

Norfolk. September 14, 1995. - December 13, 1995.

Present: LIACOS, C.J., WILKINS, LYNCH, & O'CONNOR, JJ.

*Abuse Prevention. Due Process of Law*, Abuse prevention.

There was no merit to the claims of a defendant against whom a judge issued a G. L. c. 209A order to stay away from the plaintiff that his constitutional right to due process was violated. [521-522]

Evidence at a hearing on whether to continue an ex parte order under G. L. c. 209A warranted a finding that the defendant placed the plaintiff in fear of imminent serious physical harm and supported the judge's order to stay away from the plaintiff and her residence. [522-523]

There was no evidence at a hearing on whether to continue an ex parte G. L. c. 209A order that warranted a Probate Court judge's order barring the defendant from contact with his two sons. [523-524]

CIVIL ACTION commenced in the Norfolk Division of the Probate and Family Court Department on June 22, 1993.

A motion to extend an abuse prevention order was heard by *John P. Cronin*, J., and a motion for reconsideration was heard by him.

The Supreme Judicial Court granted an application for direct appellate review.

*Daniel J. Johnedis* (*Florence M. Berke* with him) for the defendant.

*Thomas V. Orlandi, Jr.*, for the plaintiff.

WILKINS, J. The defendant appeals from orders that were entered in a G. L. c. 209A (1994 ed.) proceeding commenced by his former wife. His principal challenge is to an order that was entered on June 29, 1993, extending an ex parte order that had been entered one week earlier, directing the defendant to stay away from the plaintiff and their two minor children. The extension order was extended in July, 1994, pend-

ing a hearing on the entry of a new order. In August, 1994, a judge vacated the 1993 order and replaced it with another quite similar order which expired in August of 1995 and was not renewed. The propriety of the 1994 order is not before us. We granted the defendant's application for direct appellate review.

The defendant's challenges to the 1993 extension order are not shown to be moot. See *Frizado* v. *Frizado*, 420 Mass. 592, 593-594 (1995). Although, when a G. L. c. 209A order is vacated, the court is instructed to direct the appropriate law enforcement agency to destroy all records of the vacated order (G. L. c. 209A, § 7), the docket does not show that such a direction was issued. In effect, the 1993 order was slightly modified and extended by the 1994 order. The plaintiff has not shown that the circumstances of this case required the court to direct the destruction of all records of the 1993 order.

We shall first deal with those arguments of the defendant that require no extended discussion. Our opinion in *Frizado* v. *Frizado*, *supra*, considered several of them. We shall then discuss whether the evidence warranted the entry of the 1993 extension order. We conclude that the evidence warranted the entry of a G. L. c. 209A order directing the defendant to stay away from the plaintiff, but that the evidence was insufficient to justify an order that the defendant stay away from his two sons who lived with their mother, the plaintiff.

1. The defendant argues that his rights were violated because the judge held the 1993 hearing on the year-long extension of the ex parte order in his absence. His attorney was present. She raised no objection to the hearing going forward and did not ask for a continuance. The argument that counsel had no opportunity to request a continuance is not supported by the record.

On questioning by the judge, the plaintiff adopted her affidavit as her direct testimony. The defendant did not object. If there was unreliable hearsay in the affidavit, a point we need not decide, counsel for the defendant did not object to it, nor did she move that it be struck. See *Flynn* v. *Warner*,

*post* 1002, 1003 (1995). She had an opportunity to see the affidavit both before the hearing and during the hearing when the judge took a recess to read it. She had a meaningful opportunity to cross-examine the plaintiff and declined to do so.

The judge did not shift the burden of proof to the defendant. In colloquy with counsel for the defendant on a minor point, the judge referred to the absence of countermanding evidence. We decline to read this comment out of context as a shifting of the burden of proof. At most, it constitutes a statement by the trier of fact as to what he could permissibly find in the absence of contrary evidence on a disputed point. Finally, we recently rejected the argument that the burden of proof in a G. L. c. 209A proceeding should be greater than a preponderance of the evidence. See *Frizado* v. *Frizado,* *supra* at 597.

All these arguments are advanced as violations of the defendant's constitutional right to due process. As we have said, none has merit. Because the defendant was a resident of Maryland and had no need to see or have any direct contact with the plaintiff in Massachusetts, it is particularly true that the order as it relates to the defendant's contact with the plaintiff presented no serious restriction on the defendant's rights. See *id.* at 597-598.

2. The evidence introduced at the hearing on whether to continue the ex parte order entered one week earlier warranted a finding that the defendant placed the plaintiff in fear of imminent serious physical harm. The plaintiff's affidavit provides a basis for finding that the plaintiff was "in fear of imminent serious physical harm." G. L. c. 209A, § 1. The affidavit recounted (a) abuse during the marriage, (b) the basis for the entry of several G. L. c. 209A orders after the parties separated, (c) persistent and aggressive attempts by the defendant to have contact with the plaintiff during the year preceding her application for the G. L. c. 209A order now before us, and (d) a basis for concluding that the de-

fendant's anger against the plaintiff might reignite.[1] This evidence supports the judge's order that the defendant stay away from the plaintiff and her residence.

We are concerned, however, about that aspect of the order that directed the defendant to stay away from his two young sons and only to associate with them through biweekly telephone calls.[2] A G. L. c. 209A order entered in a court other than the Probate and Family Court may not decide custody or support. G. L. c. 209A, § 3. This proceeding, however, was in the same Probate and Family Court in which the divorce judgment had been entered. A Probate and Family Court, unlike a District Court, may issue and modify custody (and support) orders, although there is no indication that the plaintiff directly sought any modification of the approved custody provisions of the divorce judgment.

There is no evidence that warranted an order barring the defendant from contact with his sons. The judge should have considered the defendant's relations with his sons apart from the plaintiff's request that the defendant stay away from her. If there is to be a G. L. c. 209A order that a defendant stay away from and have no contact with his or her minor children, there must be independent support for the order. Moreover, if a G. L. c. 209A order conflicts with a custody or support order entered in the Probate and Family Court, the judge should make findings of fact that justify entry of the order. See § 6:00 of the Draft Standards of Judicial Practice of the District Court Department of the Trial Court, Abuse Prevention Proceedings (Dec. 1994) ("Such findings will serve as information for any Probate and Family Court judge

---

[1] A judge must consider carefully whether serious physical harm is imminent and should not issue a G. L. c. 209A order simply because it seems to be a good idea or because it will not cause the defendant any real inconvenience.

[2] The G. L. c. 209A order did not purport to deal with the outstanding provisions concerning custody that had been entered in connection with the parties' divorce. The order was inconsistent with these custody provisions, but, from his remarks at the hearing, the judge seemed to intend that the order would not alter the defendant's right to visit with his children pursuant to these custody provisions.

who hears the case at a later time"). The findings should justify granting emergency relief for a reasonable but limited period so that a party may have time to seek a reconsideration of a conflicting outstanding Probate and Family Court order. The decision of the Probate and Family Court judge would supersede the G. L. c. 209A order. See G. L. c. 209A, § 3. Of course, as we have said, in the Probate and Family Court a judge could issue a G. L. c. 209A order and at the same time make any appropriate conforming change in an outstanding custody (or support) order (see G. L. c. 209, § 28 [1994 ed.]).

The defendant is entitled to have that portion of the June 29, 1993, order vacated that directs him to stay away from his sons. As thus modified, the June 29, 1993, order is affirmed.

*So ordered.*