JOSEPH JORDAN *vs.* CLERK OF THE WESTFIELD DIVISION OF THE DISTRICT COURT DEPARTMENT & others.[1] July 8, 1997. *Abuse Prevention.*

The petitioner, Joseph Jordan, unsuccessfully sought relief pursuant to G. L. c. 211, § 3, from the entry by the District Court of an order pursuant to G. L. c. 209A, and he appeals. It appears that trial court personnel did not timely provide Jordan with the tape recording of the c. 209A hearing, as he had requested, see *Greco* v. *Suffolk Div. of the Probate & Family Court Dep't*, 418 Mass. 153 (1994), *Callahan* v. *Boston Mun. Court Dep't*, 413 Mass. 1009

---

[1]Westfield Division of the District Court Department and Robyn Baginski.

(1992), and neither the recording nor a transcript of the hearing may have been available to Jordan when he filed his G. L. c. 211, § 3, petition. After Jordan appealed from the single justice's ruling to the full court, we allowed his motion for fees to transcribe the tape recording of the c. 209A hearing. We have since received and reviewed the transcript.[2] We shall now address the merits of his appeal.

We conclude that the G. L. c. 209A complainant's testimony was insufficient to support the issuance of the G. L. c. 209A order against Jordan, who is the complainant's former husband and the father of her two children. While it is significant that the complainant testified that Jordan was serving prison sentences for convictions of kidnapping and assault and battery against her, she did not produce evidence to warrant a finding by a preponderance of the evidence that, in the time after he began his incarceration, the plaintiff's words or conduct, made by himself or through others, had reasonably placed her in fear of imminent serious physical injury.[3] See *Smith* v. *Joyce*, 421 Mass. 520, 522-523 (1995) (upholding extension of c. 209A order on evidence of abuse during marriage, previous c. 209A orders against defendant, his "persistent and aggressive attempts [to contact victim] during the year preceding her application for the G. L. c. 209A order," and evidence "that the defendant's anger against the [victim] might reignite"); *Commonwealth* v. *Robicheau*, 421 Mass. 176, 181 (1995) ("actions and words of the defendant [must] place[] the victim in reasonable apprehension that physical force might be used against her"). The complainant's fear that Jordan knew of her home and work addresses, or of the children's school address, does not constitute, without more, "abuse" as defined by G. L. c. 209A, § 1. Compare *Robicheau, supra* at 182-183, and *Commonwealth* v. *Gordon*, 407 Mass. 340, 348-350 (1990), with *Commonwealth* v. *Jacobsen*, 419 Mass. 269, 273-274 (1995). Moreover, it is undisputed that Jordan was incarcerated during the entire time that the complainant alleges she had been placed in fear of imminent serious physical harm. Thus, the "imminence" of any serious physical harm is questionable and has not been proved on this record. See *Smith* v. *Joyce, supra* at 523 n.1 ("judge must consider carefully whether serious physical harm is imminent and should not issue a G. L. c. 209A order simply because . . . it will not cause the defendant any real inconvenience").

We conclude that the single justice ruled correctly on the papers before him. However, he did not have before him the transcript of the relevant trial court proceeding. Having received and reviewed the transcript, we conclude that the G. L. c. 209A order dated February 21, 1995, must be vacated.

*So ordered.*

The case was submitted on brief.

*Joseph Jordan*, pro se.

---

[2]Jordan's appeal is not moot. He has submitted materials indicating that the underlying G. L. c. 209A order is currently in force, having been extended through May 1, 1998. Contrast *Zullo* v. *Goguen*, 423 Mass. 679, 680 (1996); *Cobb* v. *Cobb*, 406 Mass. 21, 23 (1989).

[3]The complainant did not allege on the c. 209A application form that the defendant had attempted to cause her physical harm, caused her physical harm, or caused her unwillingly to engage in sexual relations by force, threat of force, or duress.