The defendant, S.P., appeals from the issuance of an abuse prevention order entered pursuant to G. L. c. 209A. The plaintiff, P.P., obtained a fourteen-day ex parte order on June 6, 2017. Following an evidentiary hearing, a judge in the District Court extended the order for one year. S.P. appeals from that order claiming, inter alia, that the evidence was insufficient to support a finding that P.P. possessed a legitimate fear of imminent serious physical harm. We agree.
1. Background. P.P. and S.P. were married with one child when the relationship finally and fully disintegrated in 2017. While S.P. was away at annual National Guard training, P.P. moved out of the marital home with their three year old son and obtained a "stay away" order. The affidavit filed in support of the temporary order alleges that S.P. sometimes carries a firearm and verbally abuses P.P. While seeking the extension that is the subject of this appeal, P.P. testified that S.P. once threw eggs at her and nearly hit her with a child's car seat, and is experienced with and in possession of firearms. The judge determined that P.P.'s characterization of the relationship and demeanor at the hearing, coupled with S.P.'s alleged access to firearms, participation in the military, and alleged violation of the initial order, warranted extension of the original order.
2. Discussion. We review the extension of an abuse prevention order for an abuse of discretion or error of law. Crenshaw v. Macklin, 430 Mass. 633, 636 (2000). An appellate court will only set aside the extension if, after reviewing all of the evidence, it "is left with the definite and firm conviction that a mistake has been committed." White v. Hartigan, 464 Mass. 400, 414 (2013), quoting New England Canteen Serv., Inc. v. Ashley, 372 Mass. 671, 675 (1977). An applicant for an abuse prevention order must prove by a preponderance of the evidence that an order, or the extension of an order, is necessary to prevent the types of abuse described in c. 209A. See Iamele v. Asselin, 444 Mass. 734, 739-740 (2005) ; Corrado v. Hedrick, 65 Mass. App. Ct. 477, 483 (2006).
Abuse is defined in c. 209A as "(1) attempting to cause or causing physical harm; (2) placing another in fear of imminent serious physical harm; or (3) causing another to engage involuntarily in sexual relations by force, threat or duress."[2] G. L. c. 209A, § 1. A fear of imminent serious physical harm requires more than "[g]eneralized apprehension, nervousness, [or] feeling aggravated or hassled." Wooldridge v. Hickey, 45 Mass. App. Ct. 637, 639 (1998). The fear must be reasonable and the threat imminent. See Iamele, 444 Mass. at 739-740. See also Carroll v. Kartell, 56 Mass. App. Ct. 83, 86 (2002) (subjective and unspecified fear insufficient). The judge considers "the totality of the circumstances of the parties' relationship," including the basis of the original order, violations of the order, or changes in circumstances. See Iamele, supra at 740 (focus is on likelihood of ongoing hostility and interactions). Although credibility determinations are rarely disturbed, a likelihood of the types of abuse defined in c. 209A must be proved by the applicant before an abuse prevention order may be issued or extended. See Corrado, 65 Mass. App. Ct. at 484.
P.P. failed to meet her burden of proof. She testified that she is afraid of S.P. because of "his knowledge" of firearms, specifically because he was trained in the military and "is far more comprehensive in his knowledge of firearms than I am."[3] Ownership of firearms and experience with weapons as a member of the military, however, are not reasons to issue an abuse prevention order when that experience and capacity is not coupled with actual or implicit threats. Contrast Diaz v. Gomez, 82 Mass. App. Ct. 55, 56, 62 (2012) (order restraining police officer warranted because he threatened applicant with weapon and sat outside her home in police cruiser). Although P.P. testified to past instances of hostility, those instances do not amount to a pattern of abuse or imminent threat sufficient for the extension of a c. 209A order. S.P. threw eggs at P.P. approximately five years before the order was sought, and more recently was demeaning and almost hit her with a child's car seat while transferring it from his truck to her vehicle. Contrast Callahan v. Callahan, 85 Mass. App. Ct. 369, 375 (2014) (husband's violent crimes against wife and son, violations of initial order, and hearing demeanor made extension proper).[4] Significantly here, P.P. never testified that S.P. tried to hit her with the car seat, only that it almost hit her when S.P. was moving it into her vehicle. Even crediting P.P.'s affidavit and testimony in their entirety, P.P.'s fear was "subjective and unspecified" and insufficient to justify the extension of the original ex parte order. Carroll, 56 Mass. App. Ct. at 86.
The judge committed an error of law when he extended the original order for one year because the evidence was insufficient to show P.P. possessed a reasonable fear of imminent serious physical harm. An abuse prevention order carries significant ancillary effects and should not be issued "on the theory that it will do no harm, i.e., 'seems to be a good idea or because it will not cause the defendant any real inconvenience.' " Wooldridge, 45 Mass. App. Ct. at 639, quoting Smith v. Joyce, 421 Mass. 520, 523 n.1 (1995).
Order dated June 20, 2017, vacated.

Although certain testimony at the hearing to extend the order related to alleged incidences of violence and sexual assault, P.P. stated that she was not afraid of involuntary sexual activity and the judge repeatedly and specifically limited questioning to whether P.P. had a reasonable fear of imminent serious bodily harm.

P.P., however, was licensed to carry a handgun (which S.P. was not) and obtaining such a license requires a demonstrated knowledge and familiarity with firearms.

After P.P. moved out of the home, S.P. was arrested for violating the no contact order when he activated a camera used to monitor the child's bedroom and apparently attempted to communicate with P.P. through the camera. The judge stated that he did not consider this a significant violation and did not afford it much weight when making his decision to extend the order. The charge apparently was later dismissed.