NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1046

M.B.

vs.

A.G.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant challenges the District Court's order denying his motion to retroactively vacate an abuse prevention extension order entered on January 13, 2022 (motion to vacate). The defendant contends that the judge abused his discretion in denying the motion to vacate, because the defendant had established that the extension order issued without evidentiary support as a result of the plaintiff's counsel's misrepresentation. Discerning no abuse of discretion, we affirm.

Background. The plaintiff obtained an ex parte abuse prevention order against the defendant, her then husband, on

December 30, 2020.[1]  After a hearing where both parties appeared on January 13, 2021, the order was extended for one year.

At the next scheduled hearing on January 13, 2022, both parties appeared with counsel.  The plaintiff's counsel requested that the abuse prevention order be made permanent, or in the alternative, extended for a year.  The judge asked the plaintiff's counsel, "Do you want to just make a proffer on behalf of your client, or how did you want to proceed?"  The plaintiff's counsel stated that he was going to "give a brief opening," and then proceeded to recount events that had taken place between the parties in the past year, since the last restraining order hearing.  The plaintiff's counsel concluded his opening statement by saying, "We are happy to go into further details of this case; but overall, the affidavit generally speaks for itself."

When asked whether the defendant was objecting to the extension of the order, defense counsel stated, "we are objecting to the extension for a long period of time.  I think

---

[1] The affidavit in support of the complaint for protection from abuse recounted the defendant's history of mental health issues (involving multiple involuntary commitments), alcohol addiction and attempts at rehabilitation, and physical and sexual abuse of the plaintiff and physical abuse of their child.  It also relayed that the plaintiff was seeking an emergency order because the defendant had just learned that the plaintiff was leaving him, and she was scared that he would end up hurting her, their son, or himself.  A complaint for divorce was filed in the Probate and Family Court on January 8, 2021.

2

if it was extended for a short period of time, you know, maybe -- I mean, for the record we are objecting, but we understand that if it would be for like six months or something like that there are things going on in the probate and family court." Defense counsel went on to state that the plaintiff's counsel's representations were "inaccurate" and then challenged specific allegations in the plaintiff's affidavit by making his own representations of what took place between the parties.

The judge asked for clarification of the defendant's position: "And so your client is not objecting to an extension, but he's objecting to a permanent order and a very long order. Is that what you're saying?" Defense counsel replied, "Yes. Yes. . . . I mean, obviously [the defendant] would like the restraining order to be dismissed, and we dispute the abuse allegations, but I'm particularly objecting to a long length." Defense counsel again disputed the plaintiff's claims: "There's allegations in their affidavit . . . Like none of this is true. None of this is actually accurate."

After a brief discussion between the judge and defense counsel regarding the status of proceedings in the Probate and Family Court and pending matters that would require modification

of the restraining order,[2] defense counsel stated: "I just wanted Your Honor to be aware." The judge replied, "No. And I appreciate that. I'm not going to issue a permanent order. What I will do is I'm going to issue a one-year order. I find the standard has been met for the extension." After further discussion as to how the defendant would be served with the newly extended order (extension order),[3] both counsel thanked the judge and the hearing concluded.

Subsequently, the defendant was criminally charged with violating the extension order on April 13, 2022. On June 30, 2022, the attorney representing the defendant in the criminal matter filed an appearance in the restraining order matter, and on August 23, 2022, moved, pursuant to G. L. c. 209A, § 3 and Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), to retroactively vacate the extension order. See Mitchell v. Mitchell, 62 Mass. App. Ct. 769, 773-774 (2005). The defendant's motion was premised on the theory that the extension order issued as a result of a material misrepresentation made by the plaintiff's attorney "about the only piece of evidence submitted" in

---

[2] Among other things, defense counsel advised the judge that the Probate and Family Court was likely to change child custody to joint legal custody.

[3] The hearing took place via Zoom, so the defendant was not physically present in the courtroom.

connection with the extension request.[4]  In his supporting

memorandum, the defendant explained that the material

misrepresentation was the plaintiff's attorney's statement that

he had submitted an "affidavit," when the document in question

did not meet the legal requirements of an affidavit.[5]

The motion to vacate was heard by a different judge from

the one who had issued the January 13, 2022, extension order.

At the hearing, defense counsel argued, "I think that the

Court's error stemmed directly from [the plaintiff's counsel's]

misrepresentation about the inherent nature of that key piece of

evidence."  Since the only evidence offered in support of the

extension order was not valid, defense counsel argued, the

extension order erroneously issued without any evidentiary

---

[4] According to his affidavit in support of the motion to vacate, newly-retained defense counsel obtained from the plaintiff's counsel a copy of the document that the plaintiff's counsel referred to during the January 13, 2022, hearing as the plaintiff's affidavit; however, the document was not included in a packet provided to him, and represented by the clerk's office to be, a complete copy of the court file on the matter.

[5] The document was a two-page, typed statement with a signature and date.  The word "affidavit" did not appear on the document, nor did it include any oath or affirmation.

support.  The judge denied the motion,[6] and the defendant timely appealed the denial to this court.[7]

Discussion.  The decision whether to grant a motion to vacate an order under Mass. R. Civ. P. 60 (b) rests within the sound discretion of the judge hearing the motion.  See Judge Rotenberg Educ. Ctr., Inc. v. Commissioner of Dep't of Developmental Servs., 492 Mass. 772, 785 (2023).  "Accordingly, the denial of a motion under Rule 60 (b) will be set aside only on a clear showing of an abuse of discretion.  In effect, this means that the decision will be affirmed unless the judge below made a clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives" (quotations and citations omitted).  Id.

Here, the defendant moved to vacate on the basis that the order was extended without evidentiary support due to a misrepresentation of plaintiff's counsel.  Whether the misrepresentation was that a submitted document did not qualify

---

[6] The order thus remained in effect, and was subsequently renewed.  That further extension is the subject of a separate appeal.

[7] The defendant subsequently moved for reconsideration, which was denied.  The defendant did not separately appeal from this denial.

as an affidavit or that any document was submitted at all,[8] the motion judge determined that the issue was obviated by the fact that the defendant acquiesced to proceeding by way of proffer. Indeed, the defendant never objected to the manner in which the proceeding was taking place (proffers by counsel), and never sought to present his own evidence or to examine the plaintiff, who was available to testify.  See Smith v. Joyce, 421 Mass. 520, 521-522 (1995) (rejecting argument that defendant's rights were violated by order extended in his absence where his counsel was present and failed to object to hearing going forward); Vittone v. Clairmont, 64 Mass. App. Ct. 479, 481 n.4 (2005) (representations of counsel could be considered by judge in extending abuse prevention order where there was no objection to procedure).  Contrast C.O. v. M.M., 442 Mass. 648, 657-658 (2004) (abuse prevention order vacated where defendant sought to present evidence and to cross-examine witnesses but was denied opportunity).

On appeal, the defendant challenges this determination, arguing that he cannot be held to have waived the right to an evidentiary hearing because his failure to insist on one can be

---

[8] At oral argument, an issue was raised as to whether the defendant had preserved the claim that no document was submitted at the relevant evidentiary hearing.  Significant postargument briefing was devoted to this issue.  In view of the way we resolve this case, we need not address the issue.

attributed to the misrepresentation of the plaintiff's counsel.

Implicit in this argument is the premise that the defendant's trial counsel would have insisted on an evidentiary hearing had she known that no affidavit had been submitted to the court.[9] Yet, the defendant did not submit an affidavit from his trial counsel.  For all that appears from the record, defense counsel anticipated that the abuse prevention order would likely be extended for some period of time, given the seriousness of the initial allegations and the ongoing contentious divorce proceedings, and so decided to focus her efforts on preventing the issuance of a permanent order.[10]  See Iamele v. Asselin, 444 Mass. 734, 740 & n.4 (2005) (in determining whether need for order remains in extension hearing, judge is to consider totality of circumstances of relationship including basis for

_____

[9] To the extent the defendant claims that the plaintiff's counsel's reference to the plaintiff's prepared statement as an "affidavit" misled the defendant's attorney, we are unpersuaded. The defendant's counsel referred to and argued against the allegations in the plaintiff's prepared written statement, indicating that she was in possession of it.  That the document did not constitute an affidavit would have been readily apparent.

[10] Insistence on the plaintiff's testimony risked emphasizing the seriousness of the initial allegations; counsel may well have sought to avoid a negative inference being drawn against the defendant if he chose not to testify, given his pending criminal charges.  See Singh v. Capuano, 468 Mass. 328, 333 (2014) (negative inference may be drawn against defendant in restraining order matter where defendant does not testify due to pending criminal charges).

initial order and ongoing litigation likely to engender hostility).

In the absence of an affidavit of trial counsel or evidence that one was sought, the judge's determination that there was acquiescence here was adequately supported. As the defendant failed to establish that any misrepresentation by the plaintiff's counsel caused the order to have been extended without sufficient support, there was no abuse of discretion in the denial of the motion to vacate.[11]

<u>Order entered September 15, 2022, denying motion to retroactively vacate January 13, 2022, extension order, affirmed</u>.

By the Court (Rubin, Singh & Hershfang, JJ.[12]),

Assistant Clerk

Entered: March 13, 2024.

---

[11] The plaintiff's request for an award of attorney's fees and costs in connection with this appeal is denied.

[12] The panelists are listed in order of seniority.

9