NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1196

C.H.

vs.

B.F.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, C.H., was granted a protective order under G. L. c. 209A, § 3, against her adult son, B.F (defendant).  The plaintiff also requested a stay-away and no-contact order for her fourteen year old daughter, T.F., the defendant's sister, which a judge of the District Court granted.  The defendant did not object to the issuance of the restraining order by the plaintiff, nor does he on appeal.  Instead, he claims that the judge erred in issuing the order with respect to his sister because there was no evidence that he had threatened or abused her.  We affirm.

Background.  On June 25, 2024, the plaintiff applied for an ex parte restraining order pursuant to G. L. c. 209A, § 3,

against her twenty two year old son, B.F.  At the ex parte hearing, the plaintiff testified that she and the defendant had a great relationship until she confronted him about an inappropriate Facebook post.  In February 2024, on the day of a mass shooting, the plaintiff became aware that the defendant posted a picture of his sister, T.F., who was thirteen years old at that time, holding what appeared to be a gun.  The post was captioned "Gangsta Foxes."  According to the plaintiff, after the defendant was told to delete the post, he reacted by sending her vulgar text messages in which, among other things, he threatened to kill her and "choke the life out" of her husband while she and other family members watched.  The judge issued the ex parte order, requiring the defendant to stay away from and have no contact with the plaintiff.  He also ordered the defendant to have no contact with and stay at least 100 yards away from T.F. unless authorized by the court.

At the two-party hearing, the defendant was represented by counsel.  The plaintiff testified that, given the defendant's angry and threatening text messages, she was concerned for her safety; she also expressed, albeit hesitantly, some concern for the safety of T.F.  On cross-examination, the plaintiff agreed that the defendant had maintained a sibling relationship with T.F. and that, in the past six years, the defendant had never

2

harmed or threatened to harm her. When questioned about whether the gun that T.F. was holding in the Facebook post was a BB gun, the plaintiff testified that she had no idea if it was a BB gun, but that it looked like a handgun to her. Finally, the plaintiff agreed that, between February (when the relationship between the plaintiff and defendant deteriorated) and June 2024, the defendant and T.F. had continued to see one another and that there were no issues between the two.

Discussion. We review the extension of a restraining order for an abuse of discretion or other error of law. E.C.O. v. Compton, 464 Mass. 558, 561-562 (2013). An abuse of discretion occurs when "the judge made a clear error of judgment in weighing the factors relevant to the decision, . . . such that the decision falls outside of the range of reasonable alternatives." Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 394 (2022), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). "We accord the credibility determinations of the judge who 'heard the testimony of the parties . . . [and] observed their demeanor,' the utmost deference." Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006), quoting Pike v. Maguire, 47 Mass. App. Ct. 929, 929 (1999).

A plaintiff seeking to extend a restraining order bears the burden of establishing, "by a preponderance of the evidence,

3

that the defendant has caused or attempted to cause physical harm, committed a sexual assault, or placed the plaintiff in reasonable fear of imminent serious physical harm." MacDonald v. Caruso, 467 Mass. 382, 386 (2014). See G. L. c. 209A, § 1. A judge should consider "the totality of the conditions that exist at the time that the plaintiff seeks the extension, viewed in the light of the initial abuse prevention order." Iamele v. Asselin, 444 Mass. 734, 741 (2005).

A person suffering from abuse may file a complaint requesting protection from such abuse and, as remedies from the abuse, may inter alia, request that the defendant be ordered to do or to refrain from doing the following: refrain from abusing the plaintiff, stay away or have no contact with the plaintiff, stay away from the plaintiff's place of employment, stay away or refrain from abusing or contacting the plaintiff's minor children unless such contact is authorized by the court, or any other order necessary to protect the plaintiff from abuse. See G. L. c. 209A, § 3. See also Guidelines for Judicial Practice: Abuse Prevention Proceedings (Guidelines) § 6:00 (h) (Oct. 2021).

Here, the plaintiff sought protection under G. L. c. 209A on the basis that the defendant had placed her in fear of imminent serious physical harm. The judge correctly found that

4

the plaintiff had met her burden of proof and ordered the defendant not to abuse the plaintiff. In addition, the plaintiff requested, and the judge issued an order that the defendant stay away and have no contact with the plaintiff and T.F. The result of the no-contact and stay-away order is that it prohibits the defendant from having contact with T.F. The defendant argues that this was improper because such an order should be justified by separate evidence of abuse of the minor child. We disagree.

We do agree with the defendant that, in a restraining order matter involving a defendant who is the parent of a minor child, the plaintiff must establish a basis for requesting a no-contact or stay-away order with respect to the child. See Schechter v. Schechter, 88 Mass. App. Ct. 239, 247 (2015) (recognizing that a parent has a "fundamental interest in their relationship with their children that is constitutionally protected" [citation omitted]). In Smith v. Joyce, 421 Mass. 520 (1995), the plaintiff sought a restraining order against the defendant, her former husband and father of her two children. The court held that while the evidence supported a restraining order for the plaintiff, "[t]here [was] no evidence that warranted an order barring the defendant from contact with his sons." Id. at 523. In the case of a stay-away and no-contact order for a

defendant's own child, a judge should "consider[] the defendant's relations with [the child] apart from the plaintiff's request that the defendant stay away." Id. If a restraining order requires a defendant to "stay away from and have no contact with his or her minor children, there must be independent support for the order." Id.

Here, however, the same independent support analysis is not required. The defendant is a sibling and therefore lacks the constitutionally protected liberty interest of a parent with respect to the minor child. See Adoption of Pierce, 58 Mass. App. Ct. 342, 347 (2003), citing Adoption of Hugo, 428 Mass. 219, 230-231 (1998). In instances where the defendant is not the child's parent, the parent need not show independent evidence of abuse, or a threat of abuse, of the minor child. The judge merely needs to be satisfied that an order to stay away from the minor child is necessary to protect the plaintiff from abuse. Cf. Guidelines § 4:03A commentary ("The plaintiff must establish a basis for requesting that the court order no contact with the defendant's minor child[ren] . . . If the plaintiff's child[ren], or the child[ren] in the plaintiff's custody, are not the defendant's child[ren], there need be no such showing").

This result flows in part from the fact that the state gives great deference to parents where their children are concerned. Our law presumes that fit parents act in furtherance of the welfare and best interests of their children. See Sayre v. Aisner, 51 Mass. App. Ct. 794, 799 n.8 (2001); Petition of the Dep't of Pub. Welfare to Dispense with Consent to Adoption, 383 Mass. 573, 587-589 (1981). Furthermore, this case is comparable to other situations in which independent evidence is not required in order to effectuate the safe-haven purpose of the statute. Remedies such as stay-away orders from a workplace, a particular school, or the plaintiff's residence are necessary to provide full relief to a plaintiff, and they generally apply even when the plaintiff is not present at those places. See Guidelines § 4:01("[w]hen justified by the facts, the court has authority to order a defendant to stay away from a particular school or job site, even if the defendant attends the school or works at the same location"). See also Commonwealth v. Habenstreit, 57 Mass. App. Ct. 785, 787 (2003) (2003) (interpreting order to apply only when victim physically present would "encourage a defendant to keep himself or herself informed about a protected person's schedule, a result that would be contrary to the intent of the order itself"). Similarly, because parents are so closely associated with their minor

children, allowing a defendant contact with a minor child absent an independent showing of abuse of that child would increase the chance for contact between the plaintiff and defendant, and the potential for harm. In the absence of a parent's fundamental right to contact their children, the statutory scheme places the interests of the threatened plaintiff, including her interest in exercising her judgment to further the best interest of her minor child, above those of non-parent defendants.

Here, the undisputed facts establish that the defendant was with T.F. and then posted a picture on Facebook showing T.F. in possession of what appeared to be a handgun. Then, when the plaintiff and her husband expressed displeasure and told the defendant to take down the post, the defendant responded by threatening to kill them in the presence of other family members. The plaintiff testified that the defendant had a history of anger issues, that he had been "violent" with her in the past, and that, given his current mental state, she didn't think that the defendant should be near her, her husband or T.F. At the hearing, the judge specifically asked the plaintiff whether she believed that the defendant would harm T.F. The plaintiff expressed concern for the defendant's mental health and the need for him to obtain treatment, and due to the defendant's erratic and unpredictable behavior, the plaintiff

8

expressed some concern for the welfare of T.F.  Based on this evidence, we find no error of law or abuse of discretion in the judge's order that the defendant stay away and have no contact with T.F.

Order extending G. L. c. 209A order, entered September 9, 2024, affirmed.

By the Court (Sacks, Englander & Walsh, JJ.[1]),

Paul Little

Clerk

Entered:  August 1, 2025.

---

[1] The panelists are listed in order of seniority.