Commonwealth *v.* Jacobsen.

COMMONWEALTH *vs.* ANDRES W. JACOBSEN.

Barnstable. October 3, 1994. - January 4, 1995.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Abuse Prevention. Threatening. Practice, Criminal,* Warrant, Dismissal. *Arrest. Words,* "Abuse."

Police officers were without authority to arrest a defendant, without a warrant, for threatening to commit a crime in violation of G. L. c. 275, § 2. [271-272]

On the limited record of criminal proceedings presented, alleged threats by a defendant in violation of G. L. c. 275, § 2, did not constitute "abuse" as defined in G. L. c. 209A, § 1, so as to support police officers' making a lawful arrest without a warrant under the authority of G. L. c. 209A, § 6 (7) (*b*). [272-275]

Dismissal of a complaint for threats was not the appropriate remedy, in the circumstances, for police officers' failure to comply with the warrant requirements of G. L. 275, §§ 2 and 3, in their arrest of the defendant; rather, the remedy would be suppression of any evidence tainted by the unlawful arrest: the matter was remanded for further proceedings. [275-277]

COMPLAINT received and sworn to in the Barnstable Division of the District Court Department on June 15, 1993.

A motion to dismiss was heard by *Robert A. Welsh, Jr.*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*J. Thomas Kirkman*, Assistant District Attorney, for the Commonwealth.

*Brian J. Wall* for the defendant.

NOLAN, J. This case raises the issue whether a judge erred in granting the defendant's motion to dismiss on the basis that his warrantless arrest violated the statutory warrant requirement of G. L. c. 275, §§ 2, 3 (1992 ed.). The Commonwealth contends that the warrantless arrest of the defendant

was valid because G. L. c. 209A, § 6 (7) (1992 ed.), autho-
rizes police to make warrantless arrests if there is probable
cause to believe that an individual has committed a misde-
meanor involving "abuse" as defined in G. L. c. 209A, § 1.
The Commonwealth argues that G. L. c. 209A may be read
harmoniously with G. L. c. 275, or alternatively, that G. L.
c. 209A impliedly repeals the warrant requirement of G. L.
c. 275 in the context of domestic abuse. The Common-
wealth's final contention is that, even if the warrantless ar-
rest of the defendant was unlawful, dismissal of the com-
plaint was too harsh a remedy.

The facts of this case are largely undisputed. On June 14,
1993, Barnstable police were dispatched to the defendant's
home and spoke with the defendant's girl friend. As a result
of this conversation, the defendant was arrested without a
warrant and charged with threatening to commit a crime in
violation of G. L. c. 275, § 2.[1] Because no protective orders
were in effect, the defendant was not charged with a viola-
tion of G. L. c. 209A.

Following the defendant's arrest, he was arraigned and
held on bail for fourteen days awaiting trial. The defendant
filed a motion to dismiss alleging that his arrest was unlawful
because it failed to comply with the statutory warrant re-
quirement set forth in G. L. c. 275, §§ 2 and 3. At the mo-
tion hearing, the parties stipulated to the following: (1) that
the defendant was arrested without a warrant; (2) that there
was no clerk magistrate hearing. No other testimony or evi-

---

[1]The complaint against the defendant read: "did threaten to commit a
crime against the person or property of another, to wit: domestic violence,
in violation of G. L. c. 275, § 2."

In a footnote, citing no authority, the defendant raises the issue whether,
because there is no statute in the Commonwealth criminalizing or defining
the term "domestic violence," the complaint is facially deficient. We de-
cline to consider issues which are not fully developed and are mentioned in
only a cursory and conclusory fashion. See Mass. R. A. P. 16 (a) (4), as
amended, 367 Mass. 921 (1975); *Manchester* v. *Department of Envtl.
Quality Eng'g*, 381 Mass. 208, 214 n.7 (1980); *Beaton* v. *Land Court*, 367
Mass. 385, 389, appeal dismissed, 423 U.S. 806 (1975). Furthermore, be-
cause this issue is raised for the first time on appeal, we need not consider
it. *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 88 (1977), and cases cited.

dence was offered for the record. The judge granted the defendant's motion and dismissed the complaint. The Commonwealth appeals from this decision. We transferred the case to this court on our own motion.

1. *Validity of the warrantless arrest under G. L. c. 275, §§ 2, 3.* We first consider whether the warrantless arrest of the defendant was valid under G. L. c. 275, §§ 2, 3. Section 2 of G. L. c. 275 provides in pertinent part:

> "If complaint is made to any such court or justice that a person has threatened to commit a crime against the person or property of another, such court or justice shall examine the complainant and any witnesses who may be produced, on oath, reduce the complaint to writing and cause it to be subscribed by the complainant."

Section 3 of G. L. c. 275 states further:

> "If, upon such examination, it is found there is just cause to fear that such crime may be committed, such court or justice shall issue a warrant, reciting the substance of the complaint, and requiring the officer to whom it is directed forthwith to apprehend the person ·complained of . . . ."

The statutory scheme set out in G. L. c. 275, §§ 2 and 3, is clear and unambiguous. Before arresting someone for threatening to commit a crime, the court must examine the sworn testimony of the complainant, reduce the complaint to writing, and on a finding of "just cause" to fear that the threatened crime may be committed, issue an arrest warrant.[2] In the present case, however, the procedures outlined in G. L. c. 275, §§ 2 and 3, were not followed. The complainant, the defendant's girl friend, did not give sworn testimony regarding the alleged threats. There was no finding that there was "just cause" to fear that the threatened crime

---

[2]"Just cause" has been equated with "clear and present danger." *Robinson* v. *Bradley*, 300 F. Supp. 665, 669 (D. Mass. 1969).

may be committed, and no warrant was issued for the defendant's arrest. Because the clear directives of the statute were ignored, we conclude that the defendant's arrest was unlawful. See *Wagenmann v. Adams*, 829 F.2d 196, 207 (1st Cir. 1987).

2. *Applicability of G. L. c. 209A.* The Commonwealth argues, however, that the warrantless arrest of the defendant was valid because G. L. c. 209A, § 6 (7) (*b*), authorizes warrantless arrests for certain misdemeanors in the context of domestic abuse. We consider whether G. L. c. 209A applies to the facts of this case.

"At common law, '[a] peace officer, in the absence of statute . . . may arrest without a warrant for a misdemeanor which (1) involves a breach of the peace, (2) is committed in the presence or view of the officer . . . and (3) is still continuing at the time of the arrest or only interrupted, so that the offence and the arrest form parts of one transaction' (citations omitted)." *Commonwealth v. Howe*, 405 Mass. 332, 334 (1989), quoting *Commonwealth v. Gorman*, 288 Mass. 294, 297 (1934). With the enactment of G. L. c. 209A, § 6 (7), the Legislature expanded the authority of police to make warrantless arrests for certain misdemeanors in the context of domestic abuse.[3]

General Laws c. 209A, § 6 (7), provides in pertinent part:

> "Whenever any law officer has reason to believe that a family or household member has been abused or is in danger of being abused, such officer shall use all reasonable means to prevent further abuse. The officer shall take, but not be limited to the following action: . . .

---

[3]The Legislature has the power to enact legislation which provides for warrantless arrests, so long as the minimum standards set out by the Supreme Court are met. *Commonwealth v. Andrews*, 358 Mass. 721, 724-725 (1971). *United States v. Mayo*, 792 F. Supp. 768, 771 n.2 (M.D. Ala. 1992). The constitutionality of a warrantless arrest depends on whether the arresting officer had probable cause at the time of the arrest. *United States v. Watson*, 423 U.S. 411, 417 (1976). The issue of the existence of probable cause at the time of the warrantless arrest has not been raised in this appeal.

When there are no vacate, restraining, or no-contact orders or judgments in effect, arrest shall be the preferred response whenever an officer witnesses or has probable cause to believe that a person: (*a*) has committed a felony; (*b*) *has committed a misdemeanor involving abuse as defined in section one of this chapter*; (*c*) has committed an assault and battery in violation of section thirteen A of chapter two hundred and sixty-five" (emphasis added).

In the present case, because there is no evidence that the defendant committed either a felony or an assault and battery, the only possible justification for his warrantless arrest is if the arresting officer had probable cause to believe that the defendant "committed a misdemeanor involving abuse as defined in section one of this chapter."

"Abuse" is defined in G. L. c. 209A, § 1, as: "[T]he occurrence of one or more of the following acts between family or household members: (*a*) attempting to cause or causing physical harm; (*b*) *placing another in fear of imminent serious physical harm*; (*c*) causing another to engage involuntarily in sexual relations by force, threat or duress" (emphasis added). It is not alleged that the defendant either physically harmed or attempted physically to harm his girl friend on the date of the arrest. Nor is it alleged that the defendant caused his girl friend to engage involuntarily in sexual relations. Thus, any attempt to justify the defendant's warrantless arrest must be based on a claim that the defendant's threats "plac[ed] [his girl friend] in fear of imminent serious physical harm."

On the limited record before us, we cannot say that the defendant's threats constituted "abuse" as defined in G. L. c. 209A, § 1. The language of the relevant definition of "abuse," "placing another in fear of imminent serious physical harm," requires that the threatened harm be not only "physical," but also "imminent" and "serious." In the present case, however, there was no evidence offered as to the substance of the alleged threats. It is not clear whether the

crime threatened involved bodily harm, or mere property damage. Furthermore, there was no evidence offered as to "imminence" or "seriousness" of the threatened harm. The only evidence offered at the motion hearing was that the defendant was arrested without a warrant, and that there was no clerk or magistrate hearing. On this record alone, we cannot say that the defendant's actions constituted "abuse" as defined in § 1 of G. L. c. 209A. As such, we conclude that G. L. c. 209A may not presently be relied on to justify the warrantless arrest of the defendant.[4]

We point out, however, that a warrantless arrest for "abuse" properly may be made under G. L. c. 209A, § 6 (7), if a police officer has reason to believe that a defendant's conduct with respect to a person protected under G. L. c. 209A, placed the person in fear of imminent serious physical harm. The appropriate complaint in such a circumstance would be one for assault under G. L. c. 265, § 13A (1992 ed.). See *Commonwealth* v. *Gordon*, 407 Mass. 340, 349 (1990). The arrest, and ensuing assault complaint, are based on the application of G. L. c. 209A and G. L. c. 265, § 13A, and do not involve the procedures called for by G. L. c. 275, §§ 2 and 3. If in fact the arresting police officer in this case believed that the defendant committed the abuse under G. L. c. 209A, it would still be open to the Commonwealth to dis-

---

[4]The authority of police to make warrantless arrests for certain misdemeanors involving abuse exists only if the alleged abuse occurs between "family or household members." The term "[f]amily or household members" is defined in part in G. L. c. 209A, § 1, as persons who "*are or have been in a substantive dating or engagement relationship,* which shall be adjudged by district, probate or Boston municipal courts consideration of the following factors: (1) the length of time of the relationship; (2) the type of relationship; (3) the frequency of interaction between the parties; and (4) if the relationship has been terminated by either person, the length of time elapsed since the termination of the relationship."

The defendant argues that G. L. c. 209A does not apply to this case because there was insufficient evidence to establish that the defendant and his girl friend were in a "substantive dating relationship." Because we conclude that on this record the defendant's threats did not constitute "abuse" under G. L. c. 209A, § 1, we do not reach the issue regarding the extent of the relationship. See *Brossard* v. *West Roxbury Div. of the Dist. Court Dep't*, 417 Mass. 183, 184-185 (1994).

miss the present complaint and to seek a new complaint, under G. L. c. 265, § 13A, charging the defendant with assault.

3. *Dismissal of complaint.* The Commonwealth's final contention is that, even if the arrest did not comply with G. L. c. 275, §§ 2 and 3, dismissal of the complaint was too harsh a remedy. We agree.[5]

We begin our analysis with the general rule that "[a]n illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *United States* v. *Crews*, 445 U.S. 463, 474 (1980).[6] The Supreme Court of the United States has never held that searches and seizures contrary to the Fourth Amendment to the United States Constitution warrant dismissal of the indictment. *United States* v. *Morrison*, 449 U.S. 361, 366 (1981). Rather, the remedy for an illegal arrest is suppression of the evidence tainted by the police misconduct.[7] *Id.* See *Commonwealth* v. *Phillips*, 413 Mass. 50, 58-59 (1992) (where dismissal of indictments would have little or no deterrent effect, suppression of evidence is proper remedy for Fourth Amendment violation); *United States* v. *Rodriguez*,

---

[5]The judge dismissed the complaint on the basis that the police arrested the defendant without a warrant in violation of G. L. c. 275, §§ 2 and 3. There has been no issue raised on this appeal regarding whether the police had probable cause to make the arrest. Based on this record, it is unclear whether the defendant's rights under the Fourth Amendment to the United States Constitution have been violated.

[6]"Our numerous precedents ordering the exclusion of such illegally obtained evidence assume implicitly that the remedy does not extend to barring the prosecution altogether. So drastic a step might advance marginally some of the ends served by exclusionary rules, but it would also increase to an intolerable degree interference with the public interest· in having the guilty brought to book." *United States* v. *Crews*, 445 U.S. 463, 474 n.20 (1980), quoting *United States* v. *Blue*, 384 U.S. 251, 255 (1966).

[7]The fruit of the poisonous tree doctrine, set out in *Wong Sun* v. *United States*, 371 U.S. 471, 488 (1963), provides for the exclusion of illegally obtained evidence, whether it be "tangible, physical material actually seized in an illegal search, items observed or words overheard in the course of the unlawful activity, or confessions or statements of the accused obtained during an illegal arrest and detention" (footnotes omitted). *United States* v. *Crews*, 445 U.S. 463, 470 (1980).

948 F.2d 914, 916 (5th Cir. 1991), cert. denied, 504 U.S. 987 (1992) (remedy for Fourth Amendment violation is exclusion of evidence rather than dismissal of indictment). "An unlawful detention cannot deprive the government of the opportunity to prove guilt through the introduction of evidence wholly untainted by the police misconduct." *Commonwealth* v. *Fredette*, 396 Mass. 455, 459 (1985).

Dismissal of a complaint is a drastic remedy which should be used in only a limited number of circumstances. "Absent egregious misconduct or at least a serious threat of prejudice, the remedy of dismissal infringes too severely on the public interest in bringing guilty persons to justice." *Commonwealth* v. *Cinelli*, 389 Mass. 197, 210, cert. denied, 464 U.S. 860 (1983). Whether an indictment should be dismissed turns primarily on the ability of the defendant to obtain a fair trial after, and in light of, the police misconduct. *Commonwealth* v. *Lam Hue To*, 391 Mass. 301, 312-313 (1984). See *Commonwealth* v. *Pellegrini*, 414 Mass. 402, 405-406 (1993) ("an indictment valid on its face should not be dismissed absent a showing that the defendant's ability to obtain a fair trial is prejudiced"); *Commonwealth* v. *Lewin*, 405 Mass. 566, 588 (1989) (if the defendant "can receive a fair trial in spite of the police misconduct . . . that misconduct provides no reason to dismiss the charges"). Although we have suggested that egregious prosecutorial misconduct, not resulting in prejudice to the defendant, might in some circumstances warrant dismissal of an indictment, we have never ordered the dismissal of charges in such a circumstance. *Commonwealth* v. *Phillips, supra* at 59.

In the present case, we conclude that, despite the unlawfulness of the defendant's arrest, the judge erred in dismissing the complaint. The defendant's trial was scheduled to begin two weeks after his arrest.[8] There was no substantial delay in the proceedings. See *Commonwealth* v. *Gove*, 366

---

[8]The defendant's motion to dismiss was heard on June 28, 1993. The defendant's trial was scheduled to begin the same day. Had the judge not granted the defendant's motion to dismiss, a trial on the underlying complaint would have been held.

Mass. 351, 357 (1974) (failure of prosecutor to adhere to speedy trial standards warranted dismissal). In addition, there was no showing that the police misconduct prejudiced the defendant or in any way impeded his ability to obtain a fair trial. See *Commonwealth* v. *King*, 400 Mass. 283, 287-288 (1987) (where an attempt by police to intercept and record conversations between defendant and his attorneys failed to prejudice the defendant, dismissal of indictments was not warranted). Furthermore, although the police failed to comply with the warrant requirement of G. L. c. 275, §§ 2 and 3, the misconduct in this case was not so egregious as to warrant dismissal of the complaint. See *Commonwealth* v. *Cronk*, 396 Mass. 194, 199 (1985) (Commonwealth's failure to comply with discovery orders not sufficiently egregious to warrant dismissal); *Commonwealth* v. *Cinelli, supra* at 207-210 (police officers' improper postarraignment interview without defense counsel not sufficiently egregious to warrant dismissal). Finally, any prejudice to the defendant may be remedied by suppression of illegally obtained evidence.

Accordingly, the order dismissing the complaint for threatening to commit a crime, is vacated, and the case is remanded to the District Court. On remand, the Commonwealth has the option of trying the case on the original complaint if there remains any evidence after suppression, or bringing a new complaint under G. L. c. 265, § 13A, if the arresting officer had probable cause to believe that "abuse" had been committed under G. L. c. 209A.

*So ordered.*