MICHAEL L. LARKIN *vs.* AYER DIVISION OF THE DISTRICT COURT DEPARTMENT & others.[1] July 9, 1997. *Supreme Judicial Court*, Superintendence of inferior courts. *Abuse Prevention.*

A single justice of this court denied the petitioner's pro se petition for relief under G. L. c. 211, § 3, and his motion for a stay of related criminal proceedings in the District Court. The petitioner appealed and, because the underlying matter is a protective order issued pursuant to G. L. c. 209A (209A order), we have allowed him to proceed in the regular appellate process. See *Parekh* v. *Parekh*, 421 Mass. 1009 (1996).

The petitioner's main challenge is to a 209A order that was entered on December 15, 1995, extending an ex parte order that had been entered ten days earlier. We have no evidence concerning the current status of the 209A order, which was due to expire in December, 1996, several months before this case was submitted to the court, but there is a suggestion in the record that the petitioner has been charged criminally with multiple violations of the initial ex parte order. In these circumstances, we do not regard the matter as moot, see *Frizado* v. *Frizado*, 420 Mass. 592, 593-594 & n.2 (1995); *Cobb* v. *Cobb*, 406 Mass. 21, 23 (1989), and we shall consider the merits of the petitioner's arguments.

We have listened to the tape recording of the District Court hearing and reviewed the petitioner's submissions. The testimony before the District Court was not sufficient to warrant the extension of the 209A order. The complainant initially sought the 209A order because she alleged that the petitioner "placed [her] in fear of imminent serious physical harm" by sending her notices of a future lawsuit and court proceedings. She testified that she suffered "emotionally" and experienced an aggravation of her ulcers as a result of receiving the petitioner's notices. Such conduct by the petitioner, even if true, does not evidence a threat or rise to the level of "imminent serious physical harm" that this court has recognized as "abuse" under G. L. c. 209A, § 1.[2] Contrast *Flynn* v. *Warner*, 421 Mass. 1002, 1003 (1995) (father told son to use plastic sword to slit throats of complainant mother and her attorney). Therefore, assuming without deciding that, in some circumstances, physical manifestations of emotional harm resulting in the aggravation of preexisting medical conditions can constitute "physical harm," and therefore "abuse," within the meaning of

[1]Greg W. Irvine, the Littleton police department, and Lauri J. Larkin.

[2]In these circumstances, we reiterate that "[a] judge must consider carefully whether serious physical harm is imminent and should not issue a G. L. c. 209A order simply because it seems to be a good idea or because it will not cause the defendant any real inconvenience." *Smith* v. *Joyce*, 421 Mass. 520, 523 n.1 (1995).

G. L. c. 209A, § 1, we are convinced that this is not such a case. Cf. *Commonwealth* v. *Jacobsen*, 419 Mass. 269, 273-274 (1995). Finally, we note that the conduct complained of, i.e., the sending of legal notices by mail or the delivery of such through a sheriff's department, was expressly permitted by the temporary 209A order.

We conclude that the 209A order should not have been issued because the conduct complained of did not constitute "abuse" as defined in G. L. c. 209A, § 1.

Accordingly, the judgment denying relief under G. L. c. 211, § 3, is reversed. The case is remanded to the county court where an order shall issue consistent with this opinion.

*So ordered.*

*Michael L. Larkin*, pro se, submitted a brief.

