# Dana Richardson *vs.* City of Boston & others.[1]

No. 99-P-170.

Suffolk. April 17, 2001. - November 8, 2001.

Present: Jacobs, Cypher, & Grasso, JJ.

*Abuse Prevention. Protective Order. Arrest. Search and Seizure,* Warrant, Arrest, Probable cause. *Probable Cause. Police,* Municipality's liability.

Where Boston police officers had probable cause, that is, a reasonable belief, based on a victim's assertions, facts tending to corroborate the assertions, and a previous report, that the plaintiff had committed an assault and battery or a misdemeanor involving abuse upon the victim, in violation of G. L. c. 209A, § 6(7)(*b*) or (*c*), they properly could arrest the plaintiff without a warrant [203-207], and information conveyed to the officers by third parties at the moment of the arrest was not sufficiently exculpatory to vitiate the previously existing probable cause [207-208]; consequently, a Superior Court judge properly granted summary judgment in favor of the officers, the city of Boston, and certain public officials on the plaintiff's complaint asserting civil rights violations, false imprisonment, and related claims arising out of the allegedly illegal arrest [208].

Civil action commenced in the Superior Court Department on June 6, 1996.

The case was heard by *Margot Botsford,* J., on a motion for summary judgment.

*Andrew M. Fischer* for the plaintiff.

*Eve A. Piemonte Stacey,* Assistant Corporation Counsel, for the defendants.

Jacobs, J. About one hour after Gloria Montanez arrived at a Boston police station, reporting that she had just been assaulted by Dana Richardson, two officers, acting without a warrant, arrested him. Richardson subsequently filed a nine count complaint against the city, principally claiming he was arrested

---

[1]Thomas Menino, mayor of Boston; Paul Evans, police commissioner; and police Officers George Survillo and Patrick Butler.

without probable cause, and asserting several counts based on the allegedly illegal arrest.[2] A Superior Court judge allowed the defendants' motion for summary judgment.[3] We affirm.

*Factual background.* Montanez and Richardson had dated for several years. At about 5:00 P.M. on July 27, 1993, Montanez went to a Boston police station and reported to the sergeant on duty that she had just been struck in the face by Richardson. The sergeant observed that she was bruised and disheveled.[4] Montanez stated that she was in fear of her life and safety and of imminent and continuing harm from Richardson. She also mentioned that she had been assaulted by him two days before, causing her to move in with her sister because of her fear of him. A police report on file with respect to that incident stated that Richardson had punched Montanez in the face, thrown a beeper against a wall and a television set on the floor, and then fled. The report identified another witness to some of the violence. The sergeant was also aware of prior claims of domestic violence involving Richardson, having assisted Montanez in obtaining a restraining order against him in March,

---

[2] There were counts of assault and battery, false imprisonment, violation of the Massachusetts Civil Rights Act, intentional infliction of emotional distress, negligence, negligent supervision, malicious prosecution, abuse of process, and violation of the Federal Civil Rights Act. The Superior Court judge concluded that because the police had probable cause to arrest the plaintiff under G. L. c. 209A, summary judgment for the defendants on all these counts should be allowed. The plaintiff does not argue that the counts are otherwise sustainable.

[3] Although only the city and Officer Survillo filed the motion for summary judgment, the judge ordered the cases against the other defendants to be dismissed and summary judgment was entered in favor of all defendants. No issue is raised as to this procedure.

[4] In an argument not raised below, the plaintiff claims that affidavits of Montanez and the sergeant stating that she was bruised and disheveled should be rejected because they were prepared five years after the events at issue and were "inconsistent" with a police incident report prepared on July 27, 1993, which made no mention of Montanez's appearance. He further argues that without the evidence of her appearance there is no independent corroboration of abuse and, therefore, no probable cause to arrest. Even if we considered this argument, which we are not required to do, see *Fidelity Mgmt. & Research Co.* v. *Ostrander,* 40 Mass. App. Ct. 195, 200 (1996), and cases cited, we would reject it on several grounds, not the least of which is that the absence of mention of appearance in the contemporaneous incident report does not create an inconsistency or a genuine issue of material fact.

1993. However, no restraining order was in effect at the time she made her report to the officer on July 27, 1993.

The sergeant dispatched the defendants, Officers Survillo and Butler, to arrest Richardson at his place of employment for violation of G. L. c. 209A.[5] Richardson was arrested by the officers without a warrant at about 6 P.M., held overnight,[6] and released the next day after Montanez had obtained a restraining order in the Dorchester District Court.

*The warrantless arrest.* The plaintiff principally challenges the reliance of the police on G. L. c. 209A to justify his arrest without a warrant. He argues the statute was intended to apply to situations where an officer responding to a domestic violence call perceives that abuse has occurred, although not witnessed by him, and reasonably concludes that the abuser must be arrested and removed from the victim's presence to prevent further abuse. He asserts there was no clear evidence of abuse by him, no danger of imminent harm to Montanez, and no need to make an immediate arrest.

At common law, and in the absence of statutory authority, officers may not arrest, without a warrant, for the commission of a misdemeanor involving a breach of the peace unless the misdemeanor is committed in their view or presence and is continuing at the time of the arrest. See *Commonwealth* v. *Howe*, 405 Mass. 332, 334 (1989). "With the enactment of G. L. c. 209A, § 6(7), the Legislature expanded the authority of police to make warrantless arrests for certain misdemeanors in the context of domestic abuse." *Commonwealth* v. *Jacobsen*, 419 Mass. 269, 272 (1995).[7]

---

[5]The sergeant states that he dispatched the officers "[b]ased upon [his] prior knowledge of [Richardson's abuse of Montanez], her report of the assaults and attacks by [Richardson], her bruised and disheveled appearance, and her belief and fear of imminent harm by [Richardson]."

[6]In an inventory search of Richardson at the police station, the police found a plastic bag containing what they believed to be marijuana. Although a charge of possession of a class D controlled substance was made at that time, there is no indication that that charge or any other criminal charge relating to Richardson's arrest later was pursued. The absence of an ensuing prosecution or conviction does not retrospectively affect the probable cause analysis.

[7]The plaintiff does not question the constitutionality of G. L. c. 209A, § 6(7). In *Commonwealth* v. *Jacobsen*, 419 Mass. at 272 n.3, the court noted

General Laws c. 209A, § 6, as amended through St. 1990, c. 403, § 7,[8] in portions relevant here, provides as follows:

> "Whenever any law officer has reason to believe that a family or household member has been abused or is in danger of being abused, such officer shall use all reasonable means to prevent further abuse. The officer shall take, but not be limited to the following action:
>
> ". . .
>
> "(7) arrest any person a law officer witnesses or has probable cause to believe has violated a temporary or permanent vacate, restraining, or no-contact order or judgment . . . . When there are no vacate, restraining, or no-contact orders or judgments in effect, arrest shall be the preferred response whenever an officer witnesses or has probable cause to believe that a person:
>
> "(a) has committed a felony;
>
> "(b) has committed a misdemeanor involving abuse as defined in section one of this chapter;
>
> "(c) has committed an assault and battery in violation of [G. L. c. 265, § 13A].
>
> ". . .
>
> "No law officer shall be held liable in any civil action regarding personal injury . . . brought by any party to a domestic violence incident for an arrest based on probable cause when such officer acted reasonably and in good faith and in compliance with this chapter and the statewide policy as established by the secretary of public safety."

"Abuse" is defined in G. L. c. 209A, § 1, as amended by St.

---

that "[t]he Legislature has the power to enact legislation which provides for warrantless arrests, so long as the minimum standards set out by the Supreme Court are met. . . . The constitutionality of a warrantless arrest depends on whether the arresting officer had probable cause at the time of the arrest." (Citations omitted.)

[8]The amendments made by St. 1996, c. 298, §§ 6 and 7, are of no significance in the present case.

1990, c. 403, § 2, as "the occurrence of one or more of the following acts between family or household members[9]: (a) attempting to cause or causing physical harm; (b) placing another in fear of imminent serious physical harm; (c) causing another to engage involuntarily in sexual relations by force, threat or duress."

Montanez's statements to the sergeant, if credited, readily meet the requirements of at least one of the provisions of c. 209A, § 6(7), calling for arrest as the "preferred [police] response" to domestic abuse. Her immediate complaint of having just been struck in the face by Richardson, and her statement and the police report indicating that Richardson had punched her two days earlier, each essentially described the crime of assault and battery encompassed by the terms of c. 209A, § 6(7)(*c*).[10] Also, each of the assaults which constituted an integral part of the attacks reported by Montanez, see *Commonwealth* v. *Eaton*, 2 Mass. App. Ct. 113, 118 (1974) ("one charged with assault and battery may be convicted of simple assault"), coupled with the evidence that Richardson's actions reasonably had placed her in fear of "imminent serious physical harm," see *Commonwealth* v. *Gordon*, 407 Mass. 340, 349-350 (1990), could be interpreted as a "misdemeanor involving abuse" under c. 209A, § 6(7)(*b*). Thus, if the police had probable cause to believe Richardson had committed an assault and battery or a misdemeanor involving abuse upon Montanez they properly could arrest him without a warrant.

*Probable cause.* The test for probable cause is objective. *Commonwealth* v. *Franco*, 419 Mass. 635, 639 (1995). "Prob-

[9]The authority of police under G. L. c. 209A to prevent further abuse is limited to a "family or household member." Among the persons who are considered to fall within the definition of such members in c. 209A, § 1, are persons who "are or have been in a substantive dating or engagement relationship." There is no contention that Richardson and Montanez were not within that definition at the times at issue. See *Commonwealth* v. *Jacobsen*, 419 Mass. at 274 n.4.

[10]General Laws c. 265, § 13A, states as follows: "Whoever commits an assault or an assault and battery upon another shall be punished by imprisonment for not more than two and one half years in a house of correction or by a fine of not more than five hundred dollars." "[A] crime which provides a maximum punishment to the House of Correction or a fine or both is a misdemeanor." Nolan & Henry, Criminal Law § 83 (2d ed. 1988).

able cause to arrest exists where the facts and circumstances in the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to warrant a person of reasonable caution in believing that an offense has been or is being committed." *Commonwealth* v. *Williams*, 422 Mass. 111, 119 n.11 (1996). The testing mind also has been described as that of "a prudent person." *Commonwealth* v. *Storey*, 378 Mass. 312, 321 (1979), cert. denied, 446 U.S. 955 (1980); *Commonwealth* v. *Santaliz*, 413 Mass. 238, 241 (1992). Under c. 209A, § 6(7)(*b*), that standard translates into probable cause to believe that the person arrested had committed a misdemeanor involving abuse as defined in c. 209A, § 1, and under c. 209A, § 6(7)(*c*), into probable cause to believe that person has committed an assault and battery.

"Probable cause is a relatively low threshold," requiring only sufficiently trustworthy information to instill in a reasonable person the requisite belief of criminality. *White* v. *Marblehead*, 989 F. Supp. 345, 349 (D. Mass. 1997). "The substance of all the definitions of probable cause is a reasonable ground for belief of guilt and this means less than evidence which would justify condemnation or conviction but more than bare suspicion." Smith, Criminal Practice & Procedure § 104 (2d ed. 1983).

The information available to the sergeant who took Montanez's report included her complaint of having just been assaulted by Richardson; her bruised and disheveled condition; her statement that she had been assaulted by Richardson two days before, together with the police report of that incident; her claims of other violence by Richardson earlier that year; and her expressed fear of imminent and further harm from Richardson. That information is imputed to the officers who arrested Richardson under the collective knowledge doctrine, by which the knowledge of each police officer is treated as the common knowledge of all officers. *Commonwealth* v. *Zirpolo*, 37 Mass. App. Ct. 307, 311 (1994), and cases cited. The central question, therefore, is whether, in the circumstances, a prudent person in the position of the sergeant reasonably could have believed Montanez's report and assertions.

Here, the fact that the report of the abusive conduct came to

the sergeant directly from the victim imparted "an ostensible patina of credibility" to her words. *Commonwealth* v. *Aarhus*, 387 Mass. 735, 744 (1982), citing *Nelson* v. *Moore*, 470 F.2d 1192, 1197 (1st Cir. 1972) (asserted victim of a crime is considered reliable informant even though her reliability previously has not been proven or tested), cert. denied, 412 U.S. 951 (1973). Moreover, Montanez's bruised condition tended to corroborate her story. Her credibility was further enhanced by the restraining order she obtained in March, 1993, and by her report of Richardson's abuse of her two days earlier, evidenced by a police report that recited partial corroboration by a witness. Her fear of imminent harm was evidenced by her claim that she had moved from her home and was living with her sister, the latter being a fact easily corroborated. In the circumstances, there was more than a reasonable basis to believe Montanez.

The plaintiff cites no authority supporting his argument that the arrest provisions of c. 209A, § 6(7), are limited to situations in which a police officer responding to a report of domestic violence must remove the abuser from the scene of the violence in order to protect the victim from further abuse. Neither the words of the statute nor the broad range of remedies for domestic abuse, see *Commonwealth* v. *Chretien*, 383 Mass. 123, 131 (1981), suggest such a narrow construction. While a challenged arrest without a warrant calls for careful judicial scrutiny, the statute's evident public policy objective of preventing imminent and recurring abuse would appear not to be served by a distinction based upon whether the abuser is found in the presence of the victim. The articulation of that public policy by the Secretary of Public Safety of the Commonwealth, in accordance with statute,[11] tellingly contains guidelines for arrest *after* a suspect has fled the scene. See Domestic Violence Law Enforcement Guidelines § 3.3C (rev. ed. 1997).

An affidavit by a witness stated that when the officers announced at Richardson's place of employment that his arrest was based upon an assault committed earlier that afternoon, two persons "blurted out that this could not be true because Mr. Richardson had been at work the whole afternoon." Without deciding whether the judge was correct in ruling that this statement

---

[11]St. 1990, c. 403, § 14.

was inadmissible hearsay for summary judgment purposes, we conclude that, even had it been admitted, the information thus conveyed to the officers did not undermine the previously established probable cause to arrest. Contrary to the plaintiff's argument, this information did not reasonably require the officers to seek independent corroboration of Montanez's accusation before arresting Richardson. According to the incident report filed by the defendant Survillo, two grounds for arrest apparently had been communicated to them by the sergeant: "viol[ation of] 209A [and] A & B [assault and battery] . . . occurring on 7-25-93 . . . and again on 7-27-93." The information "blurted out" related only to the later event and in any case did not establish a level of doubt which should have caused the officers to disregard their orders and conduct a further investigation. See *White* v. *Marblehead*, 989 F. Supp. at 352-353. In the circumstances, the arrest by the officers was consistent with their obligation under c. 209A, § 6, to "use all reasonable means to prevent further abuse." See *Commonwealth* v. *Rexach*, 20 Mass. App. Ct. 919, 920 (1985). In view of the allegations relating to July 25, 1993, and the facts tending to corroborate Montanez's accusations (the bruises and the move to her sister's home), the information conveyed to the officers at the moment of arrest was not sufficiently exculpatory to vitiate the previously existing probable cause. See *Commonwealth* v. *Walker*, 370 Mass. 548, 560, cert. denied, 492 U.S. 943 (1976).

Accordingly, the motion for summary judgment properly was allowed, given the existence of probable cause to arrest under G. L. c. 209A, § 6(7), and the immunities afforded by that section and by G. L. c. 258, § 10, in the case of the city of Boston.

*Judgment affirmed.*