*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-168

FEBRUARY TERM, 2015

| | |
|---|---|
| Jennifer Doyle | APPEALED FROM: |
| | |
| | Superior Court, Caledonia Unit, |
| v. | Family Division |
| | |
| | |
| Joseph Lourenco, Jr. | DOCKET NO. 32-2-14 Cafa |

Trial Judge: M. Kathleen Manley

In the above-entitled cause, the Clerk will enter:

Defendant appeals a civil relief-from-abuse order issued by the family division of the superior court. We affirm.

The parties were married but separated when the incident that triggered plaintiff's petition occurred. On the day in question, Wednesday, February 26, 2014, plaintiff arrived at defendant's residence with the parties' two-year-old son so that defendant could see the child during his lunch break. Plaintiff left the residence to do an errand for defendant. When plaintiff returned later than defendant expected, defendant expressed his concern over potential interruptions to his work if the child were left with him beyond the lunch hour. A confrontation ensued that led to wife's relief-from-abuse petition. Following a hearing over two days in April 2014, the court issued an order granting the petition.

On appeal, defendant argues that the evidence presented at the hearing was insufficient to support the order. According to defendant, plaintiff failed to demonstrate that his conduct placed her in fear of serious imminent physical harm, which was the basis for the court's order. In defendant's view, the evidence demonstrated, at most, a vague, generalized apprehension on plaintiff's part that cannot satisfy the relevant statutory criterion.

The abuse-prevention statute, in relevant part under the circumstances of this case, required plaintiff to prove by a preponderance of the evidence that: (1) defendant abused her by placing her "in fear of imminent serious physical harm," 15 V.S.A. § 1101(1)(B); and (2) there was a danger of future abuse, id. § 1103(c)(1)(A). See Coates v. Coates, 171 Vt. 519, 520 (2000) (mem.) ("In a relief-from-abuse hearing, the plaintiff has the burden of proving abuse by a preponderance of the evidence."). Whether plaintiff may obtain relief on this basis depends on the reasonableness of the plaintiff's fear attributable to the defendant's action rather than on the defendant's intent. See Smith v. Hawthorne, 2002 ME 149, ¶ 18, 804 A.2d 1133, 1139 (recognizing that victim's fear must be reasonable for abuse to be found).

Because "the family court is in a unique position to assess credibility of witnesses and weigh the strength of evidence at hearing," this Court reviews the trial court's "decision to grant or deny a protective order only for an abuse of discretion, upholding its findings if supported by

the evidence and its conclusions if supported by the findings." Raynes v. Rogers, 2008 VT 52, ¶ 9, 183 Vt. 513. Thus, when reviewing the trial court's factual findings, "we view them in the light most favorable to the prevailing party below, disregarding the effect of any modifying evidence." Coates, 171 Vt. at 520.

At the hearing in this case, plaintiff testified as follows. Defendant became very upset with her when, in response to him expressing concern about the child disrupting his work, she pointed out that the child had been asleep the entire time she was gone. When she attempted to take the child and leave, he blocked her path and continued to yell at her. After she managed to get outside and into her car with the child, she realized that she had to go back inside to return defendant's debit card to him. At that point, defendant began yelling at her again, blocking the doorway and telling her not to leave before he could say goodbye to his child. She again managed to get outside, at which point defendant pushed her in the chest, which scared her. He was yelling at her to such a degree that she had spit on her face and her glasses. She ran to the car and began pulling out of the driveway, with defendant chasing after her. When she stopped the car to put it in reverse so that she could leave the premises, defendant pounded on the hood while screaming at her. When she lowered the car window to speak with him, he reached his arm through the window to try to unlock the door. Defendant managed to get inside the car and began to say goodbye to the parties' child, telling the child that he loved him. When plaintiff made a comment to the child agreeing that his father loved him, defendant lunged forward from the back seat and told her to not interrupt him again. Plaintiff then left defendant's residence.

Plaintiff also testified that during the incident she was "scared . . . to death" because she "didn't know if he was going to try dragging [her] out of the car" or take the child. She further testified that a couple of times in the past he threw her onto the couch and that there were several incidents where he had punched holes in the wall while arguing with her. She described those incidents in some detail, stating that she felt threatened and intimidated by his actions. She testified that defendant's behaviors had been "escalating" and that he did not see how they frightened their son. On cross-examination, plaintiff answered in the affirmative when asked if defendant's actions on the day in question placed her in fear of imminent serious bodily injury, explaining that: (1) when defendant blocked her from leaving and then pushed her, she did not know whether he was going to follow that up by knocking her down; and (2) when he chased the car, pounded on the hood, and reached through the car window to unlock the door, she did not know whether he was going to pull her or their son out of the car or get in his car and chase her down the road. When defendant's attorney pointed out to her on cross-examination that defendant had never physically injured her during the past incidents she described, she stated that "his behaviors were escalating," and that she filed the relief-from-abuse petition "because I feared that he was going to hurt me."

The court found plaintiff's testimony regarding defendant's actions and her fear of harm as the result of those actions to be credible. Referring to the prior incidents when defendant punched holes in the wall while yelling at plaintiff, the court stated that such actions send the message that "this could be you" and contributed to plaintiff's fear of being physically harmed. The court stated that the escalation of defendant's behavior, to the point where he became enraged over a relatively minor disagreement, led it to conclude that plaintiff "was certainly a person in fear of imminent serious physical harm." In the court's view, the incident that led to the petition could have played out many different ways, including physical harm to plaintiff. Given defendant's escalating abusive behavior in the context of pending divorce proceedings, the court concluded that there was a danger of future abuse.

Upon review of the record, we conclude that there was sufficient evidence for the court to find that the incident in question placed plaintiff in fear of imminent serious physical harm and that there was a danger of future abuse given the parties' history and circumstances. We agree with defendant that the fear plaintiff felt must be of imminent serious physical harm, as opposed to an unspecified subjective fear. See Raynes, 2008 VT 52, ¶ 8 (reciting that § 1101(1) requires plaintiff to show that family or household member caused or attempted to cause physical harm, placed plaintiff "in fear of imminent serious physical harm," or stalked plaintiff); see also Ginsberg v. Blacker, 852 N.E.2d 679, 683 (Mass. App. Ct. 2006) (holding that "the victim's fear of apprehension caused by the defendant's words or conduct must be more than subjective and unspecified; viewed objectively the plaintiff's apprehension that force may be used must be reasonable" (alterations omitted) (quotations omitted)). But this is not a situation, as defendant claims, involving vague or general assertions of fear. Defendant engaged in specific aggressive actions, including physical contact, that plaintiff testified put her in fear of immediate serious physical harm such as being pushed to the ground or dragged out of her car. The court found her testimony in this regard to be credible, and it noted that defendant's behavior had escalated from past incidents of yelling and punching walls to pushing plaintiff. Much as evidence of past incidents of abuse might provide a context for a jury to put into perspective a single charged incident of violence, see State v. Johnson, 2008 VT 135, ¶ 21, 185 Vt. 575 (mem.), so too can a history of past acts of violence or aggressive conduct demonstrate for the trial court as factfinder the subjective reasonableness of a petitioner's fear when that behavior escalates in nature, as it had here. Upon review of the record, we conclude that the evidence of defendant's conduct both in the past and during the incident in question support the court's findings as to plaintiff's fear of imminent harm, which, in turn, support's its relief-from-abuse order. Cf. Markowitz v. Markowitz, 2006 WL 3234010, at *2 (Ohio Ct. App. Nov. 9, 2006) (upholding conclusion that petitioner had reasonable grounds to fear respondent based on his striking her car with enough force to dent it to demonstrate his anger or frustration with petitioner). The cases cited by defendant in support of his argument are inapposite. See, e.g., Larkin v. Ayer Div. of the Dist. Court Dep't, 681 N.E.2d 817, 818 (Mass. 1997) (upholding denial of relief-from-abuse petition because conduct complained of—sending legal notices of future lawsuit and court proceedings—was not sufficient to trigger statute requiring complainant to prove that she was placed in fear of imminent serious physical harm).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice

3