NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-481

COMMONWEALTH

vs.

VANNARA ROM.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A District Court judge revoked the defendant's probation following a violation hearing in which he concluded that the defendant had committed new crimes.  On appeal the defendant claims the judge erred in admitting and relying on hearsay evidence and in excluding impeachment evidence.  We affirm.

Background.  The defendant admitted to sufficient facts to support a conviction for vandalism, in violation of G. L. c. 266, § 126A, on December 13, 2023, and was placed on probation for one year.  One of the conditions of his probation was to obey "all local, state and federal laws."  On January 22, 2024, the probation department alleged that the defendant had

violated his probation by committing new offenses of assault and battery, kidnapping, strangulation, and witness intimidation.

At the defendant's subsequent probation violation hearing, the judge admitted, over the defendant's objection, two police reports containing statements from the victim of the new offense.  Through these statements, the victim detailed that the defendant had held her against her will for the previous four days, punched her face and body numerous times, pulled out her hair, and broken her ribs.  Though she did not identify her attacker by name, she stated that he was and had been her boyfriend for the previous seven months, provided his address, identified that address as the location of the assaults, and stated that she had been involved in previous domestic incidents at that address.

The reporting officers wrote in their police reports and also testified at the probation violation hearing about their direct observations of the victim's injuries that were consistent with her report.  By searching the police database for incident reports involving the victim, the police identified the defendant as her boyfriend.  Upon arriving at the address provided by the victim, the officers found and arrested the defendant, who was wearing a sweatshirt with "multiple blood

stains" and had been sleeping in a small bedroom which "was completely destroyed."

Based on this evidence, the judge found the defendant in violation of his probation.

Discussion. 1. Reliability of evidence. We review a judge's finding of a violation of probation to determine "whether the record discloses sufficient reliable evidence to warrant the findings by the judge[, by a preponderance of the evidence,] that [the probationer] had violated the specified conditions of his probation" (citation omitted). Commonwealth v. Jarrett, 491 Mass. 437, 440 (2023). Hearsay is admissible at probation violation hearings and can be the basis of a revocation "where it has substantial indicia of reliability." Commonwealth v. Hartfield, 474 Mass. 474, 484 (2016). Here, sufficient evidence supported the violation finding.

The police report admitted in evidence contained hearsay, but the judge could reasonably find that hearsay was substantially reliable. The reports were created within hours of the victim's alleged abuse and captivity. See Abbott A. v. Commonwealth, 458 Mass. 24, 36 (2010) (reliability of hearsay bolstered by observations made "close in time to the events in question" [citation omitted]). The statements of the victim contained in the report were highly detailed, alleging numerous

3

specific instances of abuse, many resulting in physical injuries which were directly observed by the interviewing officers. See Commonwealth v. Rainey, 491 Mass. 632, 648 (2023) ("factually detailed" hearsay statements corroborated by injuries observed by officer were substantially reliable). The officers' observations that the victim was "visibly shaking," that the defendant's bedroom was "completely destroyed," and that his sweatshirt displayed "multiple blood stains" also support the reliability of the victim's statements. Id. (circumstances of statements, including "emotional distress of the victim," support reliability). Many of the victim's statements were excited utterances because she was still under the influence of the "exciting events" as she described them. Commonwealth v. King, 436 Mass. 252, 254 (2002) (statement admissible as exception to hearsay rule when "made under the influence of an exciting event" and which tends to "explain the underlying event"). The victim initially spoke to police the same morning that she stated she had been abused by the defendant; the reporting officer noted that she was "visibly shaking" as she discussed the events. Any evidence admissible as an exception to the hearsay rule, such as an excited utterance, is "presumptively reliable." See Commonwealth v. Durling, 407

4

Mass. 108, 118 (1990).  The judge's finding of substantial reliability was proper and well-founded.[1]

Additionally, the violation finding was supported by the officers' non-hearsay testimony describing their personal observations of the victim, the defendant, and the room in which the alleged abuse occurred.  See Commonwealth v. Jarrett, 491 Mass. at 445 (affirming violation finding based on hearsay testimony and corroborating testimony of direct observations).

2.  Exclusion of evidence.  The defendant claims that the judge's exclusion of the victim's medical records and court activity record information (CARI) so impeded his ability to impeach her admitted statements that it deprived him of his right to present a defense.  We disagree.

Although a "probationer's right to present a defense is not coextensive with the parallel right held by a criminal defendant," Commonwealth v. Costa, 490 Mass. 118, 132 (2022), quoting Commonwealth v. Kelsey, 464 Mass. 315, 324 (2013), he must nevertheless have "a meaningful opportunity" to do so.

---

[1] The victim's subsequent recantation letter did not require the judge to find her earlier statements unreliable.  See Commonwealth v. Patton, 458 Mass. 119, 131 (2010) (recantation letter raises "not a question of admissibility . . . but of the sufficiency of the evidence").  It was for the judge "to decide how much weight to give the evidence of recantation," and he committed no error in finding that the Commonwealth sustained its burden.  Id.

5

Costa, supra, quoting Hartfield, 474 Mass. at 480. However, "a probationer is not necessarily deprived of the right to present his theory of defense simply because the judge excludes a piece of evidence supporting such theory" (citation omitted). Costa, supra. The judge must consider "the totality of the circumstances," weighing whether the proposed evidence might be significant in determining whether a violation occurred; whether the evidence would be cumulative; and, where live testimony is at issue, whether there is an unacceptable risk that the witness's well-being would be significantly jeopardized by testifying. Hartfield, supra, at 480-481.

The defendant's constitutional right was not infringed here. The judge admitted in evidence a letter from the victim recanting her accusations and claiming that she suffers from "depression" and "hallucinations," that she had attended at least one treatment center, and that she was hallucinating on the day she spoke with the officers. As the defendant concedes, the excluded medical records were largely cumulative of this evidence. Thus, the judge's exclusion of those records did not deny the defendant the right to present a defense. Cf. Commonwealth v. Pickering, 479 Mass. 589, 598 (no infringement

6

where defendant "presented other compelling evidence that was more probative of his theory of defense").[2]

3. Identification and arrest. The defendant also claims that the police violated his constitutional right to due process by identifying and arresting him without adequate evidence that he had committed a new offense. We are unpersuaded. The victim did not provide the officers with the defendant's name, but she did reveal that the attacker was "her boyfriend of 7 months," that they had a history of previous "domestic incidents involving [the Lowell Police Department]," that she had been held captive at his residence,[3] and that she "was not romantically involved with any other individual at this address." The officer's search of the police database which revealed the prior reported domestic assaults did not implicate the defendant's privacy rights. See Roe v. Attorney General,

---

[2] For substantially the same reasons, we find that the judge did not abuse his discretion by excluding a CARI report offered to show that the victim "had a motive to lie." See Costa, 490 Mass. at 132-133. While it is not entirely clear, the defendant seems to argue that he should have been permitted to call the victim. This argument is also unavailing, as the judge properly determined that the victim had validly invoked her Fifth Amendment privilege. See Pixley v. Commonwealth, 453 Mass. 827, 834 (2009) ("witness's valid assertion of the Fifth Amendment privilege against self-incrimination trumps a defendant's right to call the witness").

[3] The victim provided the officers with the defendant's address and stated that he "lived in the basement."

434 Mass. 418, 438 (2001) (no privacy interest implicated by police looking at information they already have).  And the victim's statements, combined with the corroborating observations of the officers, were plainly adequate to satisfy the relatively low threshold of probable cause necessary to effect the arrest.  See Commonwealth v. Richardson, 53 Mass. App. Ct. 201, 206-07 (2001).

Order revoking probation
  affirmed.

By the Court (Ditkoff,
  D'Angelo & Woods, JJ.[4]),

Clerk

Entered:  November 14, 2025.

---

[4] The panelists are listed in order of seniority.