NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1229

H.S.

vs.

N.S.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from the extension of an abuse prevention order issued in the District Court pursuant to G. L. c. 209A, § 3 (209A order). He argues that the judge erred in extending the 209A order because the plaintiff failed to present evidence of previous abuse or reasonable fear of imminent serious bodily harm. He further contends that his due process rights were violated. We affirm.

Background. We draw the following facts from the record, reserving some for later discussion. On August 28, 2023, the plaintiff obtained an ex parte abuse prevention order against the defendant, her husband. On September 12, 2023, following a

hearing at which both parties appeared, the 209A order was extended for one year.

At the next scheduled hearing on September 13, 2024, both parties appeared with counsel. The plaintiff sought a "permanent" extension of the 209A order. The judge asked the plaintiff's counsel, "did you want [the plaintiff] to testify or do you want to make a proffer on her behalf?" The plaintiff's counsel stated that she was going to "initially proceed with a proffer. . . [and] reserve to take [the plaintiff's] testimony." The plaintiff's counsel then recounted the events leading to the original 209A order and those justifying its extension. She explained that the case started with "a police raid in the home on a joint task force regarding distribution of child pornography." She asserted that "what was found in [the defendant's] possession" was "horrific . . . . It was graphic images of very young children being raped." The proffer also included a representation that there was an event "a couple of weeks" before the hearing to extend the 209A order where the defendant "slap[ped] [his daughter's] butt right in front of the supervisor" during a visit with his daughter.

Defense counsel objected to the extension, and he denied that the "slapping [of] the daughter's butt" occurred. Defense counsel also argued that there were no claims of "serious

2

physical harm" by the defendant and that there are no indications of the defendant threatening or attempting to harm the plaintiff.

After a brief discussion between counsel and the judge, the judge determined "[b]ased on the . . . proffer that I heard from the plaintiff, I'm making a finding that there is a continuing need for the order based on the recent events."  The judge did not issue a permanent order and instead extended the order for five years.

Discussion.  1. Abuse.  The defendant contends that there was no evidence of abuse, and that there is no ongoing reasonable fear of imminent serious harm as required by G. L. c. 209A, § 1 (b).  Because the defendant cannot challenge the initial determination of abuse, we review only to determine if the judge abused her discretion by granting the extension.  For the reasons discussed below, we discern no abuse of discretion.

"We review . . . for an abuse of discretion or other error of law" (citation omitted).  Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 664 (2020).  We first note that to the extent the defendant challenges the original prevention abuse order his claims fail.  Judicial discretion is not so broad as to allow a judge to vacate an original order, its underlying basis cannot be reviewed nor its validity second guessed at the extension

3

hearing or without proper appeal.  See Iamele v. Asselin, 444 Mass. 734, 742 (2005).  Moreover, our review is limited because we do not have the transcripts from the original hearings.

Although the validity of the original 209A order cannot be revisited, we must still determine whether the judge abused her discretion in extending it.  Whether seeking the issuance of an initial protective order or a later extension of that order, "[t]he burden is on the complainant to establish facts justifying [its] issuance and continuance."  Iamele, 444 Mass. at 736, quoting Frizado v. Frizado, 420 Mass. 592, 596 (1995). "The plaintiff must meet that burden by a preponderance of the evidence."  Iamele, supra.  "Abuse" is defined as, inter alia, "placing another in fear of imminent serious physical harm." G. L. c. 209A, § 1.  "When a person seeks to prove abuse by fear of imminent serious physical harm, our cases have required in addition that the fear be reasonable" (quotation omitted). Iamele, supra at 737.  Furthermore, where the initial order was issued on the basis that the plaintiff had a reasonable fear of imminent serious physical harm, the inquiry is whether the plaintiff continues to have a reasonable fear of imminent serious physical harm.  See Callahan v. Callahan, 85 Mass. App. Ct. 369, 374 (2014); Guidelines for Judicial Practice:  Abuse Prevention Proceedings § 6:08 (Oct. 2021).

4

"In determining whether an apprehension of anticipated physical force is reasonable, a court will look to the actions and words of the defendant in light of the attendant circumstances" (citation omitted). Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 143 (2006). However, "for the plaintiff's fear of imminent serious physical harm to be reasonable, it is not necessary that there be a history -- or even a specific incident of physical violence." Noelle N., 97 Mass. App. Ct. at 665. "[A] judge must consider the totality of the circumstances of the parties' relationship . . . [including] the defendant's violations of protective orders, ongoing child custody or other litigation that engenders or is likely to engender hostility, . . . and significant changes in the circumstances of the parties." Iamele, 444 Mass. at 740. When extending the 209A order, the judge implicitly found that the plaintiff did have reasonable fear of imminent serious physical harm. See G.B. v. C.A., 94 Mass App. Ct. 389, 396 (2018) ("where we are able to discern a reasonable basis for the order in the judge's rulings and order, no specific findings are required").

On the present record, we cannot say that the judge abused her discretion. See Iamele, 444 Mass. at 741. The proffer at the hearing established the defendant's disregard of his behavior when he "slap[ped] [his daughter's] butt right in front

5

of the supervisor."  The plaintiff's attorney's proffer also noted that the defendant's sister supervised a visit where the defendant became aggressive and made her uncomfortable, and that the sister refused to continue supervising visits.  Furthermore, the plaintiff's affidavit averred that the defendant has mental health disorders that make her "afraid that [the defendant] may kill [the plaintiff] and then commit suicide."  The judge could further consider the couple's continuing contact through a divorce proceeding in the probate court.  See id. at 740. Finally, the plaintiff's attorney proffered that, at a prior hearing, there was evidence presented that "once the initial order entered, [the defendant] went into the house" in violation of the 209A order.  See Smith v. Jones, 75 Mass. App. Ct. 540, 544 (2009) ("a judge has wide discretion . . . and can properly take into account the entire history of the parties' relationship").

The defendant counters that there is no history of physical violence, and thus there could be no finding of abuse or reasonable fear of imminent serious physical harm.  Our case law, however, does not require proof of physical violence.  See Noelle N., 97 Mass. App. Ct. at 665.  Cf. Larkin v. Ayer Div. of the Dist. Court Dep't, 425 Mass. 1020, 1020 (1997) (serving lawsuits insufficient basis for 209A order); Wooldridge v.

6

Hickey, 45 Mass. App. Ct. 637, 639 (1998) (belief that 209A order "would level the field in [a] forthcoming custody and support discussion . . . [is] not an appropriate criterion for issuance of an abuse prevention order").  Thus, given that the facts presented show reasonable fear of imminent serious physical harm despite the lack of physical violence, and given the original abuse prevention order, we see no abuse of discretion in the judge's extension of the order.  See Iamele, 444 Mass. at 741.

     2.  Due process.  The defendant also contends that his due process rights were violated because the hearing relied solely on attorney proffers rather than direct testimony, and because plaintiff's counsel improperly invoked her prosecutorial experience to bolster her arguments.  The defendant, however, did not raise these arguments at the hearing, and thus, they are waived.  Indeed, the defendant acquiesced to the proceeding by way of his own proffer and neither objected to the procedure used at the hearing, nor sought to present his own evidence or to examine the plaintiff, who was sworn in and available to testify.  Smith v. Joyce, 421 Mass. 520, 521-522 (1995) (rejecting argument that defendant's rights were violated by order extended in his absence where counsel was present and failed to object to hearing going forward).  Cf. C.O. v. M.M.,

7

442 Mass. 648, 657-658 (2004) (abuse prevention order vacated where defendant sought to present evidence and to cross-examine but was denied opportunity).  Similarly, the defendant's counsel did not object to the plaintiff's counsel's brief statements discussing her prosecutorial experience.  See Diaz v. Gomez, 82 Mass. App. Ct. 55, 63 (2012) ("through failure to raise [due process] claim in the trial court, the defendant has waived any due process objection to the procedure followed by the judge").[1]

Thus, on the record before us, we discern no abuse of discretion in the extension of the abuse prevention order.

Order entered September 13, 2024, extending abuse prevention order for five years, affirmed.

By the Court (Meade, Neyman & Walsh, JJ.[2]),

Clerk

Entered:  November 26, 2025.

---

[1] While the usual principles of waiver do not strictly control in 209A proceedings, a party still must make some effort to preserve an issue for review.  See Idris I. v. Hazel H., 100 Mass. App. Ct. 784, 790-791 (2022).  Here, defense counsel made no effort to object or otherwise raise either issue before the judge, and thus waiver applies.

[2] The panelists are listed in order of seniority.